IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA and JESSIE SIEMS, Individually and as next Friends of J.S., a Minor | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 13-0796-CV-W-ODS |
| BUMBO INTERNATIONAL TRUST, f/k/a Jonibach Management Trust and TARGET CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE OPINIONS OF DR. MICHAEL S. WOGALTER**

Defendants Bumbo International Trust and Target Corporation move to strike the opinions of Dr. Michael S. Wogalter (Doc. 62). The motion is granted in part and denied in part.

## I.   Legal Standard

The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). In determining the admissibility of expert testimony, the Eighth Circuit uses a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted).  The third requirement is based on Federal Rule of Evidence 702, which permits expert opinions at trial if: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the expert has reliably applied the principles and methods to the facts of the case.'" Further, in "its attempt to determine whether proffered scientific evidence is scientifically valid, a trial court should ordinarily consider, among other factors, the following: (1) whether the underlying theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether the technique has a known or knowable rate of error; (4) whether the theory or technique is generally accepted in the relevant community." *Jaurequi v. Carter Mfg. Co.,* 173 F.3d 1076, 1082 (8th Cir.1999). "This list of factors is not exclusive, and the trial court is left with great flexibility in adapting its analysis to fit the facts of each case." *Id.*

## II.  Discussion

Dr. Michael Wogalter is an expert in the field of human factors and ergonomics. He has worked and studied in this field for the last 28 years and has written hundreds of articles on the topic of warnings.  The Court finds that Dr. Wogalter is qualified to testify about warning effectiveness.

Defendants contend that Dr. Wogalter's testimony should be excluded because summary judgment should be granted for the failure to warn claims.  As is discussed in the Court's Order and Opinion regarding summary judgment, the Court will not enter summary judgment on the failure to warn claims.  Therefore, the Court will not exclude Dr. Wogalter's testimony on these grounds.

Defendants also maintain that Dr. Wogalter's expert testimony will not assist the jury.  Defendants argue that warnings are within the understanding of a layperson; thus, no expert is needed.  The Court disagrees and finds that Dr. Wogalter's testimony goes beyond the understanding of a layperson and would be helpful to the jury. *Kersting v. Buckhorn, Inc.*, No. 05-CV-0898, 2007 WL 4986244, at *2 (W.D. Mo. Aug. 27, 2007). He will be permitted to testify regarding the adequacy of the Seat's warnings, including such matters as placement, wording and design.

Third, Defendants assert that Dr. Wogalter did not examine all of the correct warnings. There are three sets of warnings at issue: (1) warnings on the Bumbo Baby Seat ("Seat") itself, (2) warnings on the box packaging for the Seat and (3) an instruction leaflet that comes with the Seat in the box. Defendants argue that Dr. Wogalter examined an old version of the box and that he did not examine the leaflet at all. Plaintiffs maintain that Dr. Wogalter did examine the leaflet because he referenced a previous examination in which he evaluated an older version of the leaflet. Plaintiffs also maintain that there is not a substantial difference between the old box warnings and old leaflet and the new box warnings and the new leaflet. Finally, Plaintiffs maintain that warnings, unlike products, do not need to be examined at the time they enter the stream of commerce.

The Court does not find Plaintiffs' arguments persuasive. Even if Dr. Wogalter incorporated by reference a previous examination of a leaflet, Plaintiffs did not provide the previous examination to the Court. Also, the leaflet that Dr. Wogalter previously examined were an old version. Next, the Court finds that there is a sufficient difference between the old box warnings and old leaflet and the new box warnings and new leaflet, that an examination of old box warnings and an old leaflet is not appropriate.

The Court finds no reason why warnings should not be examined in the same manner products are – at the time they enter the stream of commerce. There is no value in examining products or warnings that pre-date Plaintiffs' purchase. Testimony regarding old warnings that were not provided to Plaintiffs is not helpful to the jury. Consequently, Dr. Wogalter will be permitted to testify as to the on Seat warning, but he will not be permitted to testify as to any old warnings – specifically the warnings on the box and the instruction leaflet.

Defendants assert that if Dr. Wogalter is permitted to testify, his testimony should be limited only to the area of warnings. The Court agrees that Dr. Wogalter is not permitted to testify outside his area of expertise. However, the Court finds that Dr. Wogalter may testify about the Seat's design in the context of what appropriate warnings should be. In their Reply Suggestions, Defendants list various statements by Dr. Wogalter that they deem inadmissible. First, Defendants point to Dr. Wogalter's statements that, "there may be some benefit to changing the configuration or weighting

of the Bumbo baby seat so as to reduce the number of kids that can get out of the current design," "that a restraint is both technically and economically very reasonable," and "that a seatbelt would have prevented J.S.'s incident." (Doc. 77, Page 8) The Court agrees that these types of statements are inadmissible testimony.  While Plaintiffs and Dr. Wogalter maintain that these statements are merely examples to illustrate the difference between designing/guarding and warning, the Court finds that these examples are unnecessary to explain that distinction and instead are outside of Dr. Wogalter's area of expertise.  Defendants also contend that the following statement is inadmissible: "that the CPSC only gets involved when companies exhibit bad behavior." (Doc. 77, Page 8)  The Court finds that this statement is inadmissible, as this type of comment about the CPSC is not within Dr. Wogalter's expertise of warning adequacy.

Next, Defendants assert the following statements are inadmissible: "that people sometimes assume that products would not be sold if they were not reasonably safe," "that people may believe that the seat has been tested to ensure that babies are always retained in the seat," "that virtually all baby seats have a restraint," "that infants can escape and fall from a Bumbo Seat so rapidly that there is no time to react," and "that the CPSC is mostly reactive not proactive." (Doc. 77, Page 8)  People's beliefs are one factor that Dr. Wogalter takes into consideration in his human factors expertise and in determining the effectiveness of a warning.  Dr. Wogalter's testimony as to people's beliefs is given as context for what appropriate warnings should be.  The Court finds that these types of statements are admissible.

### III.   Conclusion

For the foregoing reasons, the motion to strike the opinions of Dr. Michael S. Wogalter is granted in part and denied in part.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 2, 2014                UNITED STATES DISTRICT COURT

4