IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JESSICA and JESSIE SIEMS, Individually and as next Friends of J.S., a Minor<br><br>Plaintiffs,<br><br>vs.<br><br>BUMBO INTERNATIONAL TRUST, f/k/a Jonibach Management Trust and TARGET CORPORATION,<br><br>Defendants. | Case No.: 13-0796-CV-W-ODS |

**ORDER AND OPINION DENYING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

Defendants Bumbo International Trust and Target Corporation move for summary judgment (Doc. 56, Doc. 58). The motions are denied.

### I.   Background

Jessica and Jessie Siems, parents of J.S., (collectively "Plaintiffs") bring this products liability action involving a Bumbo Baby Seat ("Seat") against Defendants Bumbo International Trust ("Bumbo") and Target Corporation ("Target"). J.S. suffered an injury during use of the Seat.

The Court has reviewed the record. The following facts are either uncontroverted or controverted but construed in Plaintiffs' favor.

Bumbo designed the Seat. (Buitendag Decl. ¶ 4). Target was not involved in the design or manufacture of the Seat and was merely the retailer of the Seat. (Buitendag Decl. ¶ 12).

In approximately March 2010, Mrs. Siems purchased a Seat from a Target store in Belton, Missouri. (Jessica Siems Deposition, 28:21-28:23, 88:3-88:24). Later, she

purchased from the same Target store a Bumbo-designed Play Tray which attaches to the Seat and can be used for feeding. *Id.* at 31:20-31:25.  Plaintiffs did not read any of the Seat's warnings before J.S.'s accident in the Seat occurred. *Id.* at 31:8-31:19, 33:12-34:7; (Jessie Siems Deposition, 13:16-14:3).

On August 2, 2010, at approximately 5:00pm, Mrs. Siems placed J.S. in the Seat on a coffee table to feed J.S. (Jessica Siems Depo, 58:23-59:13, 59:22-60:10).  Mrs. Siems attached the Play Tray to the Seat. *Id.* at 60:23-61:24.  While being fed, J.S. knocked over Mrs. Siems's glass of tea. *Id.* at 63:22-64:3.  As Mrs. Siems was reaching for her glass of tea, J.S. flipped off the coffee table. *Id.*  Mrs. Siems was unable to grab J.S. in time to prevent the fall. *Id.*

## II.   Discussion
### A.  Summary Judgment Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), *cert. denied*, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Because jurisdiction is based on diversity, the Court applies the substantive law of Missouri. *HealthEast*

*Bethesda Hosp. v. United Commercial Travelers of Am.*, 596 F.3d 986, 987 (8th Cir. 2010).

### B. Innocent Seller Statute

Target seeks dismissal pursuant to section 537.762 of the Revised Missouri Statutes, referred to by the parties as the "Innocent Seller Statute." The statute provides that "a defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" so long as "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." 537.762.1 -.2. If dismissal occurs, it is "interlocutory until final disposition of plaintiff's claim…and may be set aside for good cause shown at anytime prior to such disposition." § 537.762.7.

The parties dispute whether the statute is substantive or procedural; and consequently, whether it is applicable in federal court. The Court finds that the statute is both substantive and procedural. The Missouri Supreme Court rejected the notion that § 537.762 was "merely a procedural device to save wholesalers and retailers from the significant costs of product liability litigation." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 445 (Mo. 2002) (en banc). Instead, the Court found that "inherent in the statute is a substantive public policy choice of significant importance. To the extent that a plaintiff can otherwise obtain 'total recovery,' all liability of a downstream seller, who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer." *Id*.

Target has utilized a proper procedure to raise the issue, but there are disputed issues of material fact regarding the substantive aspect of the statute. Thus, the Court declines to grant Target summary judgment.

### C. Strict Liability for Failure to Warn

Under Missouri law, in order to prevail on a strict liability failure to warn theory, Plaintiffs must show: "(1) defendant sold the product in question in the course of defendant's business; (2) the product was unreasonably dangerous at the time of sale

3

when used as reasonably anticipated without knowledge of its characteristics; (3) the defendant did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) plaintiff was damaged as a direct result of the product being sold without an adequate warning." *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 13 (Mo. 1994) (en banc). Additionally, "there are two separate causation requirements for a failure to warn case: '(1) the product for which there was no warning must have caused plaintiff's injuries; and (2) plaintiff must show a warning would have altered his behavior.'" *Cole v. Goodyear Tire & Rubber Co.*, 967 S.W.2d 176, 184 (Mo. Ct. App. 1998); *see also Arnold v. Ingersoll-Rand Co.*, 834 S.W.2d 192, 194 (Mo. 1992) (en banc).

A heeding presumption exists that "where a plaintiff did not know of a non-obvious hazard, adequate warnings would have been heeded." *Ware v. Whiting Corp.*, No. 4:05-CV-01332, 2007 WL 2409751, at *5 (Mo. E.D. Aug. 20, 2007) (citing *Arnold v. Ingersoll-Rand Co.*, 834 S.W.2d 192, 194 (Mo. 1992) (en banc)). Defendants argue that the heeding presumption is not available to Plaintiffs because there was an available warning which Plaintiffs failed to read. In making this argument, Defendants point to *Bachtel v. Taser International, Inc.*, which states the heeding presumption is available "if the plaintiff shows that no warning was given." 747 F.3d 965, 971 (8th Cir. 2014).

*Bachtel's* analysis does not end there. Rather, *Bachtel* goes on to say that a plaintiff's failure to read warnings *may* rebut the heeding presumption, but the Court does not hold that it necessarily does so. In its analysis, the *Bachtel* court relied on *Boerner v. Brown & Williamson Tobacco Corp.*, which stated, "'We think the better rule is that failure to read a label does not automatically preclude a claim for inadequate warning.'" 260 F.3d 837, 843 (8th Cir. 2001) (citing *Bushong v. Garman Co.*, 843 S.W.2d 807, 811 (Ark. 1992)). In Missouri, the *Johnson* Court found that the heeding presumption was not available to the plaintiff, but noted that this was partially due to the fact that there had been no argument about the warnings' adequacy. *Johnson v. Medtronic, Inc.*, 365 S.W.3d 226, 233 (Mo. Ct. App. 2012). Additionally, in *Smith v. Brown & Williamson Tobacco Corp.*, the Court specifically declined to hold that "'when a person fails to heed warnings that were given, the heeding presumption is overcome.'" 275 S.W.3d 748, 789 (Mo. Ct. App. 2008). Thus, while the heeding presumption can be

rebutted by evidence that the plaintiff did not read an available warning, summary judgment is not entered if there are material issues of fact as to whether an *adequate* warning would have been read and heeded.

When the court is determining whether the warnings are adequate, it considers "'the placement of the warning, its language and how it may or may not impress the average user.'" *Johnson*, 365 S.W.3d at 235 (Mo. Ct. App. 2012) (*citing Brown v. Bay State Abrasives*, 821 S.W.2d 531, 533 (Mo. Ct. App. 1991)). When the court evaluates these factors, "'the dangerous nature of the product, the form in which it is used, the burden to be imposed by requiring warnings and the likelihood that the particular warning will be adequately communicated to those who will foreseeably use the product must also be considered.'" *Id*.

Because there are material issues of fact as to the adequacy of the Seat's warnings and as to whether an adequate warning would have been read and heeded, summary judgment as to Defendants Target and Bumbo for failure to warn in strict liability is denied.

### D.  Strict Liability for Design Defect

Defendants contend they are entitled to summary judgment for design defect in strict liability because (1) the Seat exceeded industry standards, (2) Defendants are not required to make the safest possible Seat with the addition of a seatbelt and (3) Plaintiffs have not presented sufficient evidence that using the Seat on elevated surfaces was reasonably foreseeable.

Evidence about industry standards is admissible in determining whether a product is unreasonably dangerous. *Miller v. Yazoo Mfg. Co.*, 26 F.3d 81, 83-84 (8th Cir. 1994). However, this evidence is not dispositive on the issue. Next, whether the addition of a feature would make a product safer is admissible evidence in determining if that product is unreasonably dangerous. *Miller v. Varity Corp.*, 922 S.W.2d 821, 825-26 (Mo. Ct. App. 1996); *Wilson v. Danuser Mach. Co., Inc.*, 874 S.W.2d 507, 512-13 (Mo. Ct. App. 1994). Finally, according to Missouri law, "the concept of reasonably anticipated…includes misuse and abnormal use which is objectively foreseeable."

*DG&G, Inc.*, 576 F.3d at 824; *Nesslerode v. Executive Beechcraft, Inc.*, 707 S.W.2d 371, 381 (Mo. 1986) (en banc).

Because the evidence must be viewed in the light most favorable to the Plaintiffs, the Court finds that there are disputed issues of material fact and that Plaintiffs have presented sufficient evidence at this stage to show that using the Seat on elevated surfaces could be reasonably foreseeable. Consequently, summary judgment is denied as to Defendants Bumbo and Target for design defect in strict liability.

### E.  Negligence Claims against Defendant Bumbo

According to Missouri law, the elements of a claim of negligence are "(1) a legal duty by the defendant to conform to a certain standard of conduct to protect others against unreasonable risks, (2) a breach of that duty, (3) a proximate cause between the conduct and the resulting injury, and (4) actual damages to the plaintiff's person or property." *Horn v. B.A.S.S.*, 92 F.3d 609 (8th Cir. 1996) (citing *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 431 (Mo. 1985) (en banc)).

Plaintiffs' assert negligence under four theories: negligent marketing, negligent failure to warn, negligent testing and negligent design. While Plaintiffs assert that Defendant Bumbo was negligent in its testing of the Seat, this claim appears to be part and parcel of a negligent design defect claim; and thus, will be analyzed as such. Similarly, Plaintiffs claim of negligent marketing appears to be part and parcel of its negligent failure to warn claim. Thus, any assertions regarding negligent marketing will be analyzed as part of the negligent failure to warn claim.

Because there are disputed issues of material fact, summary judgment is denied as to the negligence claims against Defendant Bumbo.

### F.  Negligence Claim against Defendant Target

Defendant Target argues that it was not negligent because it does not have an independent duty to test the Seats, based on the case *Wichmann v. Proctor & Gamble Mfg. Co.*, which held "the absurdity of requiring a grocer to test the products it sells and report to its customers the risks of all those products establishes the lack of a reasonable basis in fact or law of a duty owed by a [retailer] to Plaintiffs." No. 4:06-CV-

6

1457, 2006 WL 3626904, at *2 (E.D. Mo. Dec. 11, 2006).  Assuming this is a correct statement of the law, a seller still can be liable to its customers "in negligence for injuries caused by a defect in a product which a reasonably prudent seller should have discovered…before selling the product to the consumer." *Hutchen v. Wal-Mart Stores East I, LP*, 555 F. Supp.2d 1013, 1018-19 (W.D. Mo. 2008).

Plaintiffs have presented sufficient evidence from which a jury could conclude that Target, as a reasonably prudent seller, knew or should have known that the Seat had a defect.  Consequently, summary judgment is denied as to Target's negligence.

### G. Negligent Infliction of Emotional Distress

Pursuant to Plaintiffs' stipulation in their Oppositions to Defendants' Motions for Summary Judgment, the claim for negligent infliction of emotional distress is dismissed. (Doc. 70, Page 13; Doc. 71, Page 13).

### H. Punitive Damages

In Missouri, "the test for punitive damages in a product liability case is a strict one." *Bhagvandoss v. Beiersdorf, Inc.*, 723 S.W.2d 392, 397 (Mo. 1987) (en banc).  In a case under strict liability, punitive damages can be awarded when "the defendant placed in commerce an unreasonably dangerous product with actual knowledge of the product's defect." *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 164-65 (Mo. Ct. App. 1997).  In a case for negligence, punitive damages can be awarded when "at the time of the negligent act, the defendant 'knew or had reason to know that there was *a high degree of probability* that the action would result in injury.'" *Alack v. Vic Tanny Int'l of Missouri, Inc.*, 923 S.W.2d 330, 338 (Mo. 1996) (en banc) (citing *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 436 (Mo. 1985)(en banc)) (emphasis in original).  Further, "punitive damages cannot be collected unless the defendant 'showed complete indifference to or conscious disregard for the safety of others.'" *Id.* at 339 (citing *Stojkovic v. Weller*, 802 S.W.2d 152, 155 (Mo. 1991) (en banc)).

Target notes that the cases Plaintiffs cite in support of punitive damages do not discuss a retailer's liability for punitive damages.  While this assertion may be correct,

7

the Court cannot find – and Target does not cite – any case that explicitly holds that punitive damages are not allowed against a retailer.

Next, Defendants argue that the Seat's multiple warnings negate a finding of complete indifference or conscious disregard for the safety of others. However, the Court finds that the cited cases are inapposite. In *Drabik v. Stanley-Bostitch, Inc.*, the Court did not find that merely attempting to provide additional warnings was sufficient to negate a claim for punitive damages. 997 F.2d 496, 510. Rather, the Court found that punitive damages were not warranted because the manufacturer immediately made design changes, was complying with industry custom and standards and added explicit warnings to the product at issue. *Id.* In *Jones v. Coleman Corp.*, the Court found that the presence of a warning precluded punitive damages, but the claims in that case were based on a failure to warn theory. Here, while Plaintiffs bring forth claims based on a failure to warn theory, Plaintiffs also bring forth claims on other theories. In *Bhagvandoss v. Beiersdorf, Inc.*, the Court chose not to find punitive damages not only because there was an inadequate warning, but also because there was no other evidence presented to warrant a punitive damages award. 723 S.W.2d 392, 398.

Because the Court finds that there are material issues of fact as to Plaintiffs' claims for punitive damages, summary judgment is denied. However, Plaintiffs will not be permitted to mention punitive damages in their opening statements, nor shall Plaintiffs be permitted to put forth evidence in support of their punitive damage claims until the Court expressly rules that the punitive damage claims will be submitted at trial.

### III.   CONCLUSION

The Court denies Defendants' motions for summary judgment.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 2, 2014              UNITED STATES DISTRICT COURT